IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Carl Teal, ) | Civil Action No. 4:12-2391-TLW | |
| ) | Cr. No. 4:09-950 | |
| Petitioner, ) | | |
| vs. ) | | |
| ) | | |
| The United States of America, ) | **ORDER** | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, James Carl Teal, (hereinafter "Petitioner" or "Defendant"). On August 25, 2009, a federal grand jury indicted Defendant in a single count indictment charging him in Count 1 with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of crack cocaine and 100 kilograms or more of marijuana, all in violation of 21 U.S.C. § 846. (Doc. # 2). On January 6, 2010, Defendant pled guilty to Count 1 of the Indictment. (Docs. # 158, # 168, & # 170). On May 11, 2010, Defendant was sentenced to 190 months imprisonment to be followed by 10 years of supervised release after the Court granted the Government's motion for downward departure. (Doc. # 219 & # 230). The Judgment was entered on May 18, 2010. (Doc. # 230). Defendant did not appeal his conviction or sentence.

On August 20, 2012, over two years after his conviction became final, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 345). On August 27, 2012, the Government filed a motion to dismiss and/or for summary judgment as to the petition with a response in opposition. (Docs. # 349 & # 350). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed September 21, 2012 that he had thirty-four

1

days to file any material in opposition to the Government's motion. (Doc. # 358). Petitioner filed a response on October 29, 2012. (Doc. # 362). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

**STANDARD OF REVIEW**

The Government has moved to dismiss and/or for summary judgment as to Petitioner's motion. (Docs. # 349 & # 350). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F. Supp. 2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; see also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 675.

In examining a motion for summary judgment, the Court must determine whether a genuine issue of material fact exists. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 322-23.

## DISCUSSION

Petitioner asserts three grounds for relief in his Petition which are set forth verbatim:

1. Petitioner does not have the two valid predicates to support career offender designation. In light of U.S. v. Vann, en banc, petitioner is no longer a career offender.

2. Petitioner's sentence exceeds maximum authorized by law. Because petitioner's innocent of being a career criminal the district court's judgment exceeds statutory maximum.

3. The Court has committed error. In light of Vann, petitioner's sentence cannot stand in light of district court's application of the career offender designation.

The Government has asked that Petitioner's petition be dismissed as time barred.

The Court will first address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, this Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over two (2) years before he filed the instant § 2255 Motion. Again, Petitioner was sentenced on May 11, 2010, and the Judgment was entered on May 18, 2010. Under Fed. R. App. P. 4(b)(1)(A), Petitioner had 14 days after the entry of the judgment to file a direct appeal. However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006) (unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgment of conviction in Petitioner's case became final on or about June 1, 2010, which is also the date on which the one year limitations period began to run. Thus, under § 2255(f), Petitioner had one year, specifically until June 1, 2011, in which to file his § 2255 motion. However, Petitioner did not file his § 2255 Motion until August 16, 2012, at the earliest (the date he placed his Motion in the prison mailing system), over 2 years after his judgment of conviction became final and over 14 months after the statute of limitations for

5

filing his habeas petition expired. Accordingly, the Court is constrained to conclude that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Additionally, the Court does not find that either of the potential triggering dates set forth in Section 2255(f)(2) or 2255(f)(4) apply to this case. Petitioner does not allege or establish any unconstitutional or illegal action by the Government that prevented him from making his § 2255 Motion. Neither does he allege or establish any newly discovered facts which would affect the starting date of the limitation period.

Petitioner contends that the present motion is timely because he filed it within one year of the Fourth Circuit's decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc). 28 U.S.C. § 2255(f)(3), however, only applies to the issuance of new Supreme Court cases made retroactively applicable to cases on collateral attack. Subsection(f)(3) does not extend the statute of limitations for new Fourth Circuit cases, so it provides no relief to Petitioner's statute of limitations obstacle.[1] After careful review and consideration, this Court concludes that Petitioner's motion is untimely and should be dismissed as untimely under the relevant case law.

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Id. at 330.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable

---

[1] To the extent that Petitioner seeks to rely on any Supreme Court case cited or relied on by the Court in Vann, his Petition was not filed within one year of any of those decisions.

6

tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

Even if this Court were to find Petitioner's motion to be timely, the Government asserts that the petition would still be subject to dismissal. Petitioner's primary basis for vacating his sentence is that under the Vann decision, the career offender criminal designation no longer applies to him. The Government notes initially that Petitioner pled guilty pursuant to a written plea agreement wherein he expressly waived his rights to collateral attack his conviction and sentence pursuant to 28 U.S.C. § 2255. There are only two exceptions to this waiver–ineffective assistance of counsel claims and prosecutorial misconduct. Petitioner's present motion does not allege either of those violations in support of his motion to be resentenced.

Next, the Government asserts that Petitioner cannot meet the fundamental miscarriage of justice standard. The Government argus that the increase in Petitioner's advisory guidelines range does not amount to a fundamental miscarriage of justice. The Fourth Circuit has held that "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999); see also Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc) (holding that a challenge to one's career offender designation is not cognizable in a Section 2255 motion). Notably, even without the career offender designation Petitioner's sentence was well below the statutory maximum of life imprisonment.[2]

---

[2]The Court notes that the Government filed an initial Information to establish a prior conviction on October 6, 2009 (Doc. #125) and filed a revised Information on January 5, 2010

Additionally, the Government notes that this Court may find that Petitioner cannot satisfy the actual innocence standard for habeas relief. The Fourth Circuit recently addressed the concepts of procedural default and actual innocence in the context of sentencing enhancements in United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010). In Pettiford, the district court granted the defendant relief under Section 2255 because it found that two of the defendant's predicate offenses had been vacated by the state court and one other prior conviction would not be deemed a "violent felony" under present case law. The defendant, however, had not raised these issues at sentencing, nor had he raised them on direct appeal. In reversing the district court's grant of habeas relief, the Fourth Circuit held that "the legal argument" that a prior conviction is no longer classified as a "violent felony" is "not cognizable as a claim of actual innocence" excusing procedural default. Id. at 284. Thus, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to the eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Id. at 284. As well, the Petitioner does not provide Fourth Circuit case law holding that he is entitled to § 2255 relief when a prior conviction no longer counts as a violent felony under a Shepard v. United States, 544 U.S. 13 (2005), and related case law analysis. See, e.g., Salley v. United States, No. 2:04-620, 2013 WL 1491873 (D.S.C. Apr. 11, 2013) appeal dismissed, No. 13-6865, 2013 WL 4517008 (4th Cir. Aug. 27, 2013).

Finally, the Government notes that in addition to the North Carolina indecent liberties with a child conviction, Petitioner also has convictions for possession with intent to sell or deliver cocaine and assault with serious bodily injury. Based on these two convictions, Petitioner could still be

---

(Doc. #159). Defendant was faced with a statutory term of imprisonment of not less than twenty years nor more than Life.

classified as a career offender. See, e.g., United States v. Robinson, 471 Fed. App'x 118 (4th Cir. 2012) (noting that North Carolina conspiracy to assault inflicting serious injury is a violent felony under the ACCA). The Court notes that the assault with serious bodily injury was not specifically denoted as a predicate offense in the pre-sentence investigation report. However, the Petitioner did not object to the validity of the conviction at sentencing, therefore, it remains a valid conviction. Although the Court dismisses this case as untimely, it does note the additional arguments outlined by the Government and notes that it finds them to be sufficiently persuasive.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** (Doc. # 345) and the Government's motion to dismiss is **GRANTED** (Doc. # 350). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
September 4, 2013                                            Chief United States District Judge
Florence, South Carolina